UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:  12-CV-80021-RYSKAMP/HOPKINS

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

IMPERIALI, INC. et al.,

      Defendants.

_____/

## AMENDED FINAL JUDGMENT AS TO DEFENDANT DANIEL IMPERATO

      **THIS CAUSE** comes before the Court pursuant to the mandate **[DE 220]** issued on June 15, 2015.  There, the Eleventh Circuit Court of Appeals affirmed the judgment of this Court, but it noticed a jurisdictional error in this Court's corrected judgment against Imperato.  The Eleventh Circuit found that, "[a]fter Imperato had filed a notice of appeal in [the Eleventh Circuit], the district court issued an order, under Federal Rule of Civil Procedure 60(a), to correct an omission it had made in the final judgment against Imperato."  **[DE 220]**  "[B]ecause the appeal was already docketed in [the Eleventh Circuit], the district court was required to seek leave" from the Eleventh Circuit to make a correction.  *Id.*  Thus, the Eleventh Circuit stated that this Court "may correct the error after [the] mandate is issued and jurisdiction is returned to the district court."  *Id.*  Accordingly, this Court reenters the following amended final judgment against Imperato, which stated the following:

      **THIS CAUSE** comes before the Court on its order adopting the Magistrate's report and recommendations and granting Plaintiff Securities and Exchange Commission ("Plaintiff")

summary judgment **[DE 163]** entered on October 8, 2013.  The Court found Defendant Daniel Imperato ("Defendant") violated the federal securities laws set forth in the complaint in this matter.  After supplemental briefing as to Plaintiff's request for monetary and injunctive relief, the Court finds Plaintiff has made a proper showing that permanent injunctions, an officer-and-director bar, and disgorgement plus prejudgment interest are warranted against Defendant. Given the extensive nature of the relief granted, the Court declines to impose a civil penalty against Defendant. *See S.E.C. v. Warren*, 534 F.3d 1368, 1369 (11th Cir 2008) (the imposition of a civil penalty is left to the discretion of the court).  Accordingly, **FINAL JUDGMENT** is hereby entered in favor of Plaintiff and against Defendant as follows:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from further violating Section 5 of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active

3

concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], and Rule 13b2-1 [17 C.F.R. § 240.13b2-1], directly or indirectly, by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-2 [17 C.F.R. § 240.13b2-2], by, directly or indirectly,

    (a)    making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with the following:  (i) any audit, review or examination of the financial statements of an issuer, or (ii) in the preparation or filing of any document or report required to be filed with the Commission; or

    (b)    taking action, or directing another to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of an issuer's financial statements required to be filed with the Commission, while knowing or while it should have been known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

**VI.**

    **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)],  by using the mails or any means or instrumentality of

interstate commerce, while acting as a broker or dealer, effecting transactions in or inducing or attempting to induce the purchase or sale of securities while not registered with the Commission as a broker or dealer or while not associated with an entity registered with the Commission as a broker or dealer.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly controlling any person who violates Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13], promulgated thereunder, by:

(a)     filing or causing to be filed with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed; or

(b)     failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(c)      failing to devise and maintain a system of internal accounting controls sufficient

to provide reasonable assurances that:  (1) transactions are executed in accordance

with management's general or specific authorization; (2) transactions are recorded

as necessary (a) to permit preparation of financial statements in conformity with

generally accepted accounting principles (GAAP) or any other criteria applicable

to such statements and (b) to maintain accountability for assets; (3) access to

assets is permitted only in accordance with management's general or specific

authorization; and (4) the recorded accountability for assets is compared with the

existing assets at reasonable intervals and appropriate  action is taken with respect

to any differences,

unless Defendant acts in good faith and does not directly or indirectly induce the act or acts

constituting the violation.

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating Rule 13a-14 [17

C.F.R. § 240.13a-14], directly or indirectly, by falsely signing personal certifications indicating

that they have reviewed periodic reports containing financial statements which an issuer filed

with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and

that, based on their knowledge,

(a)      these reports do not contain any untrue statement of material fact or omit to state a

material fact necessary to make the statements made, in light of the circumstances

under which such statements were made, not misleading with respect to the period
covered by the report; and

(b)     that information contained in these reports fairly presents, in all material respects,
the financial condition and results of the issuer's operations.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that
Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active
concert or participation with them who receive actual notice of this Final Judgment by personal
service or otherwise are permanently restrained and enjoined from violating Section 34(b) of the
Investment Company Act of 1940 ("Investment Company Act") [15 (U.S.C. § 80a-33(b)],
directly or indirectly, by making any untrue statement of a material fact in any registration
statement, application, report, account, record, or other document filed or transmitted pursuant to
the Investment Company Act.

## X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that,
pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the
Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or
director of any issuer that has a class of securities registered pursuant to Section 12 of the
Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the
Exchange Act [15 U.S.C. § 78o(d)].

## XI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that
Defendant is jointly and severally liable with Defendant Imperiali, Inc. for disgorgement of

$2,493,785, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $640,703.  Defendant shall satisfy this obligation by paying the sum of the above disgorgement and prejudgment-interest to the Securities and Exchange Commission within 28 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Daniel Imperato as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 28 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission

shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## XII.

**IT IS ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 16 day of June 2015.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE