# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 21, 2017

Daniel Imperato
529 S FLAGLER DR UNIT 29F
WEST PALM BEACH, FL 33401

Appeal Number: 15-13048-DD
Case Style: Securities and Exchange Commis v. Daniel Imperato, et al
District Court Docket No: 9:12-cv-80021-KLR

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The enclosed order has been ENTERED.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Sandra Brasselmon, DD/lt
Phone #: (404) 335-6181

                                                MOT-2 Notice of Court Action

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 15-13048-DD

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

IMPERIALI, INC.,
CHARLES FISCINA, et al.,

Defendants,

DANIEL IMPERATO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

Before: MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

BY THE COURT:

Daniel Imperato, proceeding *pro se*, moves for reconsideration of this Court's order granting the Securities and Exchange Commission ("SEC") motion for summary affirmance, and denying his motions for summary reversal and the appointment of counsel, of the district court's entry of an amended judgment granting summary judgment in favor of the SEC. In his motion, Imperato appears to argue that the law of the case doctrine does not bar his appeal, because of intervening case law: *Sec. & Exch. Comm'n v. Graham*, 823 F.3d 1357 (11th Cir. 2016) and *U.S.*

*Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100 (9th Cir. 2016). He also points to a letter from the SEC to him, dated November 6, 2009.

We allow motions for reconsideration of its orders, provided that the motion is filed within 21 days of the entry of the order. 11th Cir. R. 27-2. A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment, however. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

Under the law of the case doctrine, district and appellate courts generally are bound by prior appellate decisions in the same case. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009). Courts may not revisit issues that were decided explicitly or necessarily by implication. *Id.* An appellate decision is binding in all subsequent proceedings in the same case unless: (1) new evidence or an intervening change in the law dictates a different result, or (2) the appellate decision is clearly erroneous, and applying the law of the case doctrine would work a manifest injustice. *Id.* at 1303-04.

Both cases Imperato presents as intervening law, and the letter he presents as new evidence, were before us at the time we granted summary affirmance. Imperato cannot use a motion to reconsider to relitigate old matters. *Wilchombe*, 555 F.3d at 957. The remainder of Imperato's arguments address matters related to the district court's original grant of summary judgment—which we have already affirmed in a separate appeal—and were raised in his motion for summary reversal and related filings. He has presented nothing in his motion for reconsideration that would alter our previous order, and, as such, his motion for reconsideration is DENIED.