United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff,<br><br>v.<br><br>Daniel Imperato and others, Defendants. | )<br>)<br>) Civil Action No. 12-80021-Civ-Scola<br>)<br>)<br>) |

**Order Denying Frivolous and**
**Vexatious Filings and Entering Pre-Filing Injunction**

    This matter is before the Court on an independent review of the record. Final Judgment was entered against Daniel Imperato on June 16, 2015. (ECF No. 221.) Over the last five years, Imperato has filed dozens of frivolous motions and appeals, including a petition for a writ of certiorari, which was denied by the Supreme Court. (ECF No. 231.) Eventually, Judge Ryskamp, to whom this matter was previously assigned, labeled Imperato a restricted filer (ECF No. 219), and Imperato's motion to remove his restricted filer status was denied. (ECF No. 243). Nevertheless, Imperato has filed many more frivolous motions accompanied by hundreds of pages of largely unintelligible text that generally seek to challenge the Judgment and the Court. (*See, e.g.*, ECF Nos. 275-277, 279-280, 282-286.)

    Since the Court's last order denying various frivolous motions, Imperato filed (1) a motion for hearing and recusal; (2) a motion for leave to supplement (1), the motion for hearing and recusal, which was filed earlier the same day; (3) a motion to set aside the Judgment; (4) a motion to vacate all judgments; and (5) a motion for leave to file supporting intervening case law. (ECF Nos. 282-286.) All of these motions are **denied** for the reasons set forth in the Court's May 28, 2020 paperless order (**ECF Nos. 282-286**).

    The inherent authority of a district court includes the power to protect itself against abuses by *pro se* litigants, like Imperato here. *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986); *see also Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002) (recognizing the same under the All Writs Act, 28 U.S.C. § 1651). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* (citation omitted). Indeed, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* In the exercise of this responsibility, a district court possesses

"considerable discretion" to issue appropriately-tailored injunctive orders curtailing the activities of recalcitrant litigants when necessary. *See id.* at 1075. These include: "enjoin[ing] prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances," and "direct[ing] the litigant to seek leave of court before filing pleadings in any new or pending lawsuit." *Id.* at 1072. "The only limitation on [a] district court's discretion to enjoin abusive litigation is that [a] court is not permitted to completely bar all access to the court." *Campbell v. Jones*, No. 98-civ-02088, 2017 WL 8751916, at *4 (S.D. Fla. Nov. 20, 2017) (White, Mag. J.) (citing *Riccard*, 307 F.3d at 1295 n.15).

Imperato has flouted his restricted filer status by filing repeated and virtually identical frivolous motions. An appropriately-tailored pre-filing injunction is therefore in order.

It is therefore **ordered and adjudged**:

(1)   The Court **denies** Docket Entries **282, 283, 284, 285,** and **286** on the merits.

(2)   Daniel Imperato is **enjoined** and prohibited from filing any future documents in this case (Case No. 12-80021-Civ-Scola, Southern District of Florida), without first requesting and obtaining leave of Court.

(3)   In any future motions for leave, described in paragraph (2), Daniel Imperato:

- a. shall not exceed two pages,
- b. shall attach the proposed filing,
- c. shall explain why the proposed filing is not frivolous,
- d. shall explain why the proposed filing is not an attack on any previous order entered in this case, and
- e. shall certify, by affidavit and under the penalty of perjury, that the proposed filing raises a new issue that has not already been rejected by the Court.

(4)   Failure to comply with any of the requirements in paragraphs (2) or (3) will result in the striking of that filing without further notice.

Imperato is forewarned that if he abuses these restricted filing privileges, the Court will impose greater sanctions, which may include a finding of contempt of court.

**Done and ordered**, in chambers, in Miami, Florida on June 30, 2020.

_____
Robert N. Scola, Jr.
United States District Judge